## Penn Mutual Life Insurance Company v. Gaston et al.

*Donald P. McPherson, Jr.*, for plaintiff.

*Swope, Brown & Swope*, for defendants.

SHEELY, P. J., May 15, 1954.—Plaintiff requests, out of the funds paid into court, the allowance of such

reasonable counsel fees as the court may determine to be proper, relying upon the Act of May 21, 1943, P. L. 471, which provides that when any corporation, or person, having in possession money which is claimed by two or more persons, shall come into court and disclaim all interest in the funds, procure an interpleader between the two rival claimants to determine the true ownership of the funds, and pay said funds into court, the court shall allow to the stakeholder its costs and such reasonable counsel fee as the court may determine to be proper. Defendants, Kathryn D. Gaston, and the Gettysburg National Bank, as guardian of her two minor children, resist the allowance of counsel fees on the ground that the insurance company is not a "stakeholder" and, therefore, the cited act is not applicable.

There can be no doubt that the position of the company in this matter complies with all of the requirements of the statute with the possible exception of being a technical "stakeholder". It has in its possession the proceeds of the insurance policy; the proceeds are claimed by two or more persons; it has disclaimed all interest in the funds; it has procured an interpleader between the rival claimants to determine the true ownership of the funds; it has paid the funds into court or as the court has directed. Does the use of the word "stakeholder" deprive it of the rights conferred by the statute?

Defendants relied upon Metropolitan Life Insurance Company v. Doty et al., 140 Pa. Superior Ct. 581 (1940), where a similar claim was made under similar circumstances, but prior to the passage of the statute above referred to. The court there referred to the fact that the company called itself a stakeholder and pointed out that "strictly speaking that term is applicable only in the sense that it admits that it owes

the money under the policy and has no defense to its payment." The court then shows that the original meaning of the term "stakeholder" was limited to a person with whom money is deposited pending the decision of a bet or wager. The court then said:

"It has been broadened to mean, a person who holds money or property which is claimed by rival claimants, but in which he himself has no interest" which, of course, would cover the present situation. The quoted portion of the opinion of the Superior Court was a part of the court's reasoning that the insurance company had not brought an action merely as a stakeholder which had no interest in the matter, but that it had brought the action for its own protection. The company, by issuing the policy, had assumed the burden of making the payments under the policy to the proper person, and was seeking to relieve itself of the responsibility of determining the proper person to whom payment should be made. Since the action was for its own benefit there was no authority in the law for the allowance of counsel fees.

The Act of 1943, enacted three years after that decision, does now provide authority in the law for the allowance for counsel fees under these circumstances, and was undoubtedly passed for the purpose of correcting the situation disclosed in that case. It is clear that the word "stakeholder" was used in the statute in the broad sense referred to by the court as meaning a person who holds money or property which is claimed by rival claimants, but in which he himself has no interest.

And now, May 15, 1954, it is directed that plaintiff be allowed, out of the funds paid into court, its costs and a counsel fee of $100, to be taxed as costs of the proceeding.